CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 2 2018

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JAMIE L. ROWLETT,                    )
                                     )
            Plaintiff,               )        Civil Action No. 7:17CV00070
v.                                   )
                                     )        **MEMORANDUM OPINION**
NANCY BERRYHILL, Acting              )
Commissioner of Social Security,     )        By: Hon. Glen E. Conrad
                                     )        Senior United States District Judge
            Defendant.               )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social

Security denying plaintiff's claims for disability insurance benefits and supplemental security

income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42

U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g)

and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there

is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the

requirements for entitlement to benefits under the Act. If such substantial evidence exists, the

final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th

Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence,

considering the record as a whole, as might be found adequate to support a conclusion by a

reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Jamie L. Rowlett, was born on January 20, 1980, and eventually completed

the tenth grade in school. Mr. Rowlett has worked as a roofer, a forklift driver, and a pipe fitter.

He last worked on a regular and sustained basis in 2011. On August 20, 2012, Mr. Rowlett filed

applications for disability insurance benefits and supplemental security income benefits. Mr.

Rowlett alleged disability based on chronic lower back pain; pain in his shoulders, legs, rotator

cuff, left knee, and left foot; fatigue and leg pain resulting from his diagnosis of hepatitis C; and severe anxiety. He now maintains that he has remained disabled to the present time. The record reveals that Mr. Rowlett met the insured status requirements of the Act at all times covered by the final decision of the Commissioner. See, gen., 42 U.S.C §§ 416(i) and 423(a).

Mr. Rowlett's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 25, 2015, the Law Judge applied the five-step sequential process for evaluating disability claims.* 20 C.F.R. §§ 404.1520 and 416.920. The Law Judge found that Mr. Rowlett has not engaged in substantial gainful activity since November 19, 2011, and that he suffers from several severe impairments including lumbar spine degenerative disc disease, hepatitis C, and obesity. Because of these impairments, the Law Judge determined that Mr. Rowlett is disabled for all of his past relevant work roles. Nevertheless, the Law Judge ruled that Mr. Rowlett retains sufficient functional capacity for a limited range of light work activities. The Law Judge assessed Mr. Rowlett's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). The claimant can lift or carry 20 pounds occasionally and 10 pounds frequently; stand or walk, with normal breaks, no more than six hours in an eight-hour workday; and sit, with normal breaks, no more than six hours in an eight-hour workday. The claimant can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. In addition, the claimant should avoid extremely cold temperatures, excess humidity and pulmonary irritants, hazardous machinery, unprotected heights, climbing ladders, ropes, or scaffolds, and working on vibrating surfaces.

---

* The process requires the Law Judge to consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and (5) if not, whether he can perform other work in the national economy. 20 C.F.R. §§ 404.1520 and 416.920. If a decision can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. Id.

(Tr. 19). Given such a residual functional capacity, and after considering Mr. Rowlett's age, education, and prior work experience, as well as the testimony of a vocational expert, the Law Judge held that plaintiff retains the capacity to perform several specific light work roles existing in significant number in the national economy. (Tr. 26-28). Accordingly, the Law Judge concluded that Mr. Rowlett did not become disabled at any time prior to the date of the Law Judge's opinion, and that he is not entitled to either disability insurance benefits or supplemental security income benefits. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Rowlett has now appealed to this court.

While the plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether the plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Rowlett has a history of treatment for lower back pain following back surgery in 2008. (Tr. 36, 298). Treatment notes indicate that several days after reporting his post-surgery back pain, he returned to the

3

emergency room for additional pain medicine, exhibiting "'highly suspicious drug seeking behavior.'" (Tr. 298). Physical examinations since the onset date in November 2011 have shown some signs of decreased sensation and tenderness in Mr. Rowlett's spine and left leg, but have also shown that Mr. Rowlett has maintained his reflexes and motor strength. (Tr. 285, 353). X-ray imaging from 2012 and 2013 indicates mild degenerative changes in Mr. Rowlett's spine at the L4-5 and L5-S1. (Tr. 385, 487, 490).

Mr. Rowlett was diagnosed with lumbar spine degenerative disc disease and referred to pain management providers for treatment. Mr. Rowlett reported that he used pain medications to "'knock the edge off' so he [could] continue to work" (Tr. 373), and to "carry out daily" activities as well as "to participate and attend his son's [sports] games" (Tr. 473). In February 2013, Mr. Rowlett reported that his pain medication permitted him to increase his physical activity. (Tr. 395). By the next month, Mr. Rowlett reported that oxycodone alleviated some of his pain, permitting him to be functional at home, but not allowing him to be employed. (Tr. 399). That month, he also received treatment for a wrist injury, which occurred while playing in the snow. (Tr. 451). In April 2013, the pain management clinic noted that Mr. Rowlett displayed "aberrant drug behaviors," including asking for his medications early, purportedly because of plans to travel out of town, and indicating that he did not wish to try other interventions to manage his pain. (Tr. 405). At the next appointment, the treatment provider noted that Mr. Rowlett had missed a random count of his pain pills. (Tr. 409).

In addition to chronic back pain and degenerative disc disease, Mr. Rowlett's medical record indicates that he also experiences obesity; has been identified as a hepatitis C carrier; and has a history of depression, anxiety, and alcoholism. (Tr. 367, 516-17). The record does not contain opinion evidence from Mr. Rowlett's treating physicians.

4

At the administrative hearing, plaintiff testified about his main complaints, chronic back pain and degenerative disc disease. He claimed that his back stiffens easily, impeding his ability to sit for more than about thirty minutes at a time before he has to stand, move around, or lie down. (Tr. 51). He stated that he typically has to lie down four to five times a day for ten minutes to two hours at a time. (Tr. 51-52). He testified that he has received treatment from a pain management clinic, but was discharged for taking a pill from an old prescription after he ran out of the medication prescribed by the clinic. (Tr. 41). He now claims that he wants to try interventions other than pain medication. (Tr. 50).

Mr. Rowlett further testified that some of his leg pain, as well as fatigue, is caused by his diagnosis as a hepatitis C carrier and explained that he intended to begin treatment for that condition soon after the administrative hearing. (Tr. 42). Next, plaintiff testified that he suffers from constant pain in his shoulders as a result of a prior motor vehicle accident. (Tr. 48). As to mental impairments, Mr. Rowlett testified that he suffers from severe anxiety that hinders his ability to interact with other people. (Tr. 52).

After considering the above evidence in light of Mr. Rowlett's education, work history, residual skills, and age, the Law Judge determined that Mr. Rowlett was not disabled for light forms of work activity at any time prior to the date of her decision. (Tr. 27). The Law Judge tracked plaintiff's extensive medical history, noting that the diagnostic studies and clinical evaluations discussed above demonstrated only mild abnormalities. Thus, the Law Judge determined that the plaintiff had certain medical conditions that would reasonably cause the symptoms that he claimed to experience, but that those symptoms could not reasonably cause the level of pain described by the plaintiff. (Tr. 24-25).

In denying Mr. Rowlett's claim, the Law Judge also relied on her determination that Mr. Rowlett has low credibility. (Tr. 25). The Law Judge observed that the medical record did not contain any diagnosis related to Mr. Rowlett's claim of shoulder pain and the clinical findings with respect to his back pain only demonstrate mild results. (Tr. 25). Moreover, the Law Judge found that Mr. Rowlett's behavior indicated that he sought treatment for back pain with a secondary gain in mind; namely, to obtain pain medications. (Tr. 25). Mr. Rowlett did not follow up on multiple referrals and failed to pursue any other intervention to treat his pain besides pain medication. (Tr. 25). The Law Judge further noted that Mr. Rowlett made inconsistent statements to treatment providers about his mental impairments, drug abuse history, and his ability to work after the alleged onset date. (Tr. 25). For example, Mr. Rowlett denied any history of drug abuse, but tested positive for methamphetamine during a drug screening. (Tr. 25, 429). Additionally, Mr. Rowlett described participating in daily activities that the Law Judge viewed as inconsistent with his claim of disabling pain. (Tr. 25). That activity included attending school meetings and sporting events for his children, helping his younger son get ready for school, handling his finances independently, and playing in the snow. (Tr. 25).

The Law Judge also considered the impact of Mr. Rowlett's obesity on his co-existing impairments. (Tr. 25). While recognizing that obesity can exacerbate pain and limitations arising from an impairment, the Law Judge did not believe that Mr. Rowlett's obesity had a significant impact on his functional abilities. (Tr. 25).

Finally, the Law Judge relied on the opinions of state agency consultants. They opined that the plaintiff did not have any severe mental impairments and was capable of performing light work with certain additional limitations. (Tr. 65-70, 78-82, 91-96, 103-08). The Law

Judge accorded those opinions significant weight because they were supported by available evidence and consistent with the record as a whole. (Tr. 26)..

On appeal to this court, Mr. Rowlett, through counsel, makes three arguments in support of his motion for summary judgment. First, he argues that the Law Judge erred in giving little, if any, weight to Mr. Rowlett's obesity when determining his functional abilities. However, a plaintiff's obesity does not automatically "increase the severity or functional limitations of other impairments." See SSR 02-1p. The Law Judge may find a plaintiff's obesity to have little, if any, impact on the plaintiff's other impairments. See id. In doing so, the Law Judge need not "include a lengthy analysis, or indeed, any precise analysis regarding obesity." Richards v. Astrue, No. 6:11-CV-00017, 2012 WL 5465499, at *6 (W.D. Va. July 5, 2012).

In this case, the Law Judge recognized that obesity could limit an individual's ability to sustain activity throughout an eight-hour work day, but found that not to be the case for Mr. Rowlett because the record showed that he could engage in a variety of light work activities, regardless of the impact of his obesity on his health. (Tr. 25). The court also observes that Mr. Rowlett worked for a substantial period of time while suffering from significant obesity. Accordingly, the court believes that the Law Judge's finding that plaintiff's obesity did not further limit his residual functional capacity for light work activities is supported by substantial evidence in the record.

Second, Mr. Rowlett contends that the Law Judge's assessment of his credibility is not supported by substantial evidence. Mr. Rowlett maintains that the Law Judge did not properly consider his testimony and subjective complaints. While Mr. Rowlett testified at the administrative hearing that he experiences chronic back and leg pain that requires him to lie down four to five times per day for ten minutes to two hours and impedes his ability to sit, stand,

or walk for sustained periods, the court notes that such testimony is disproportionate to the objective medical findings that the Law Judge reviewed. Those findings indicate that Mr. Rowlett has experienced mostly mild degenerative changes in his lumbar spine as well as only some instances of tenderness or pain. (Tr. 22-25). The Law Judge also noted that during many physical examinations, Mr. Rowlett displayed a normal range of motion and reflexes, full muscle strength, and intact sensation. (Tr. 25). The plaintiff ignores the Law Judge's finding that the objective medical records simply do not support his claim of disabling pain.

Instead, the plaintiff challenges the Law Judge's conclusions that he made inconsistent statements about his medical conditions, engaged in aberrant drug-seeking behavior, and participated in daily activities inconsistent with his claims of disabling pain. As to the inconsistencies, the plaintiff provides possible explanations for only some of them. When all of the identified inconsistencies are considered in the context of the record as a whole, they support the Law Judge's credibility determination. The court also finds that the Law Judge had sufficient evidence to support her conclusion that Mr. Rowlett engaged in aberrant drug-seeking behavior, including provider notes indicating that he appeared highly suspicious when seeking pain medication on at least one occasion, lacked interest in interventions other than pain medication, and missed a pill count. (Tr. 25, 298, 405, 409). The record also supports the Law Judge's conclusion that the plaintiff engaged in activities that are inconsistent with his claims of disabling pain. Mr. Rowlett told treatment providers that he helped his younger son prepare for school, attended sporting events and school meetings, and, on at least one occasion, played in the snow. (Tr. 25). Accordingly, substantial evidence supports the Law Judge's credibility determination, and that determination should not be disturbed. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

Third, Mr. Rowlett argues that the Law Judge failed to conduct a proper function by function analysis regarding Mr. Rowlett's claim that he cannot maintain a static work posture and must lie down four to five times a day for ten minutes to two hours. The Law Judge acknowledged Mr. Rowlett's claimed limitations, but specifically found that such claims were inconsistent with Mr. Rowlett's medical record and his statements to providers that he could engage in certain activities with pain medication. (Tr. 21, 26). Accordingly, the court believes that the Law Judge's treatment of Mr. Rowlett's complaints about maintaining a static work posture is consistent with the protocol established in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), and that substantial evidence supports the Law Judge's evaluation of Mr. Rowlett's residual functional capacity.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Rowlett is totally free of pain and discomfort. However, the court recognizes that the inability to work without any subjective complaints does not of itself render a claimant totally disabled. Craig, supra, at 592. It appears to the court that the Law Judge considered all of the medical evidence, as well as all of the subjective factors reasonably supported by the record, in adjudicating Mr. Rowlett's claims for benefits. Thus, the court concludes that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, the resolution of conflicts in the evidence is a matter within the province of the Commissioner, even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence.

Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v.</u>
<u>Celebrezze</u>, <u>supra</u>.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER:    This 2nd day of January, 2018.

_____
Senior United States District Judge